# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| RAY M. BOURGEOIS AND MARY ANN I. BOURGEOIS, | : | No. 768 MAL 2018 |
| | : | |
| | : | |
| Petitioners | : | Petition for Allowance of Appeal from |
| | : | the Order of the Superior Court |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SNOW TIME, INC. AND SKI ROUNDTOP OPERATING CORPORATION, | : | |
| | : | |
| | : | |
| Respondents | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 25th day of June, 2019, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by Petitioner, are:

(1) Did the majority panel opinion conflict with existing law by failing to address the trial court's disregard of Petitioners' expert reports when granting summary judgment?

(2) Did the majority panel opinion conflict with existing law requiring it to review Petitioners' expert reports in the light most favorable to the non-moving party by, *inter alia*, (a) improperly requiring Petitioners' experts to establish the legal duty that Respondents breached, (b) dismissing their opinions as conclusory, and (c) overlooking numerous opinions throughout their reports which supported Petitioners' *prima facie* case against Respondents?

(3) Did the majority panel opinion conflict with existing law when it held that Petitioners did not establish the duties Respondents owed to Petitioners, when the duty of a snow tubing facility to protect its patrons from unreasonable risks of harm has already been established by the Supreme Court in *Tayar v. Camelback* [47 A.3d 1190 (Pa. 2012)]?

(4) Did the majority panel opinion conflict with existing law by requiring that a violation of industry standards be demonstrated for Petitioners to sustain a recklessness or gross negligence cause of action against Respondents?